Submitted March 1, 2019, reversed December 2, 2020

In the Matter of T. J. G.,
a Person Alleged to have Mental Illness.
### STATE OF OREGON,
*Respondent,*

*v.*

### T. J. G.,
*Appellant.*

Clackamas County Circuit Court
18CC04898; A168856

477 P3d 408

Colleen F. Gilmartin, Judge pro tempore.

Joseph R. DeBin and Multnomah Defenders, Inc., filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Carson L. Whitehead, Attorney General, filed the brief for respondent.

Before Armstrong, Presiding Judge, and Tookey, Judge, and Shorr, Judge.

PER CURIAM

Reversed.

**PER CURIAM**

Appellant appeals a judgment committing him to the custody of the Mental Health Division for a period not to exceed 180 days, based upon a finding that he has a mental illness, and an order prohibiting him from purchasing or possessing a firearm. The state concedes error and we agree and reverse the judgment and the order.

Appellant was detained on a series of 12-hour "transport holds" under ORS 426.231, from August 16, 2018, until August 25, when he was detained pursuant to a "physician's hospital hold" under ORS 426.232. Appellant's civil commitment hearing was held on August 31, 2018, and he was committed based on the court's finding that he has a mental illness and is a danger to himself. The court then entered an order prohibiting him from purchasing or possessing a firearm.

On appeal, appellant contends that the circuit court should have dismissed the proceeding, because he was not released after being held for more than twelve hours on a transport hold or, alternatively, because he had been held for more than five judicial days without a hearing. The state concedes that the commitment should be dismissed because appellant was held for more than five judicial days without a hearing, and we accept the concession. As we recently reiterated in *State v. L.O.W.*, 292 Or App 376, 381, 424 P3d 789 (2018), a court lacks authority to hold a mental commitment hearing when a person has been involuntarily hospitalized for longer than five judicial days. *See also* ORS 426.234(4) (requiring courts to immediately commence commitment proceedings upon receiving notice that a person is being held in a physician hold, and providing that, except in circumstances not present in this case, "a person shall not be held under ORS 426.232 *** for more than five judicial days without a hearing being held under ORS 426.070 to 426.130"); ORS 426.237(4)(b) (requiring courts to immediately commence commitment proceedings when mental health personnel recommend doing so in an investigation report during a physician hold, and providing that "[i]n no case shall the person be held longer than five judicial days without a hearing under this subsection."). Because

appellant was held for longer than five judicial days without a hearing, the trial court erred in failing to dismiss the commitment proceeding. We therefore reverse the judgment of commitment and the order prohibiting the possession of firearms.

Reversed.